## CURRY & HAYNEE v. ROBINSON, use, &c.

1. Where an attorney stated a letter was written by him by the plaintiff
   which was lost, and the contents not remembered by him, another person,
   to whom the attorney showed the letter, is competent to prove its contents,
   although he has no knowledge of the hand-writing.   The identity of the
   letter, and the proof of its contents, are questions for the jury.

Writ of Error to the Circuit Court of Pickens.

DEBT, by Robinson against Curry & Haynee.   The de-
fence relied on at the trial was, the plaintiff had ratified cer-
tain proceedings of an attorney at law, intrusted with the
note sued on, by which these defendants were discharged.
In the course of the trial, the attorney was offered by the
defendants as a witness, to prove the existence and loss of a
certain letter from the plaintiff to him, the contents of which
the defendants asserted were important in their defence.
This witness stated he had received a letter from the plain-
tiffs, which he had lost, and the contents of which he had
forgotten—that he did not remember to have showed this
letter to one Ferguson, (a witness then present,) but it was
probable he had, as he and Ferguson were then on very in-
timate terms, and if Mr. F. said so, he without doubt had
done so.   Ferguson then stated as to the fact of the letter
(shown to him by the attorney) being written by the plain-
tiff, he had no knowledge, except what was derived from the
attorney.   The defendants then proposed to prove by Fer-

guson, the contents of the letter, but the court refused.

The defendants excepted, and here assign the refusal as error.

B. F. PORTER, for the plaintiff in error, insisted—

1. The proof offered was the best evidence to be obtained, of the contents of the letter.   [1 Stark. R. 167; Brown v. Woodman, 6 C. & P. 206.]

2. The proof was secondary, and as to such there are no degrees.   [Greenl. Ev. § 84.]

3. There was no presumption here, of the existence of better evidence, and the whole matter was a question whether the contents were in fact proved.   [Kennon v. Bank, 9 Wheat. 583; 2 Halst. 46; U. S. v. Button, 2 Mason, 464; Jackson v. Vail, 7 Wend. 125; Kealing v. Ball, Peake's Ev. App. 1; Ross v. Gilbert, 7 M. & W. 102.]

L. CLARK, contra, insisted there was no proof that the letter written to the attorney was, in point of fact, a letter from the plaintiff, or that the one spoken of by Ferguson was indentical with that received by the attorney.

GOLDTHWAITE, J.—There can be no question, we think, that the existence of a letter from the plaintiff to his attorney, as well as its loss, was sufficiently established by the testimony of the attorney.   What the contents of this letter were, was what the defendants further proposed to show.   It is evident that this portion of the investigation was a matter solely for the jury.   Whether the witness would have been able to satisfy the jury that he remembered the contents, or whether the letter which he spoke of was the same identical letter of which the existence and loss were proved, should have been submitted to the jury.   The American doctrine on this subject, as deduced from the cases, is said by a late writer on evidence, to be, that if from the nature of the case itself, it is manifest that a more satisfactory kind of secondary evidence exists, the party will be required to produce it; but that when the nature of the case does not of itself disclose the existence of such better evi-

dence, the objector must not only show that there is such better evidence, but must also prove its existence was known to the party offering the inferior sort. [Greenl. Ev. cases cited in note 2, § 84.]

In the case at bar, if the party could not be allowed to prove the contents of the letter, in the manner he proposed, it is clear no other mode of proof was open to him, and therefore he comes within the rule just quoted.

We think the evidence proposed to be given was admissible—whether it would have been satisfactory after its admission was matter for the jury.

Judgment reversed and the cause remanded.